UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LASHAWN BROWN,

                                        Plaintiff,

       -vs-                                      **Case No. 15-CV-6779**

FORSTER & GARBUS, LLP, and
ASSET ACCEPTANCE, LCC

                                        Defendants.
_____

## ANSWER TO COMPLAINT

     Defendant, FORSTER & GARBUS, LLP ("F&G" or "F&G Defendant"), by its attorneys, Davidson Fink LLP, for its Answer to Plaintiff's Complaint, alleges as follows:

     1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 1, 2, 3, 4 and 5 of the Complaint and leaves Plaintiff to her proofs.

     2.    Admits the allegations in paragraph 6 of the Complaint to the extent that Asset Acceptance, LLC ("Asset Acceptance") retained F&G Defendant to collect on Plaintiff's debt obligation, and otherwise denies the remaining allegations contained in this paragraph of the Complaint and leaves Plaintiff to her proofs.  F&G also denies that Plaintiff's safe deposit box remains frozen based upon F&G Defendants' letter dated December 19, 2014 which is attached hereto as Exhibit "1".

     3.    In response to the allegations contained in paragraphs 7, 8, 9 and 10 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary and are denied as such.  F&G Defendant refers all questions of law to the Court.

4.     Admits the allegations contained in paragraphs 11 and 12 of the Complaint that the Plaintiff Lashawn Brown ("Plaintiff") is a natural person and otherwise denies the remaining allegations contained in those paragraphs of the Complaint which are simply legal conclusions of the pleader to which no response is necessary.  F&G Defendant refers all questions of law to the Court.

5.     Admits the allegations in paragraphs 13, 14, 15, 16 and 17 of the Complaint that Defendant F&G is a debt collection law firm located at 60 Motor Parkway, Commack, New York 11725, and otherwise denies the remaining allegations contained in those paragraphs of the Complaint which are simply legal conclusions of the pleader to which no response is necessary.  F&G Defendant refers all questions of law to the Court.

6.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 18, 19, 20, 21, 22, 23 and 24 of the Complaint which are directed to the co-defendant and leaves Plaintiff to her proofs.

7.     Admits the allegations in paragraph 25 of the Complaint to the extent that F&G Defendant is a debt collection law firm which undertakes certain debt collection activities and otherwise denies the remaining allegations in this those paragraph of the Complaint alleged against F&G Defendant or denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as directed to the co-defendant and leaves Plaintiff to her proofs.

8.     In response to the allegations in paragraphs 26 and 27 of the Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is required, but to the extent that a response is required, denies the allegations

contained in that paragraph of the Complaint alleged against F&G Defendant which fails to define the scope of employees' actual or apparent authority.  F&G Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as directed to the co-defendant.

9.      Admits the allegations contained in paragraphs 28, 29 and 30 of the Complaint to the extent that F&G was retained by co-defendant Asset Acceptance which fails to identify the debt obligation, and otherwise denies the remaining allegations contained in those paragraphs of the Complaint which are simply legal conclusions of the pleader to which no response is necessary. F&G Defendant refers all questions of law to the Court.

10.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56 of the Complaint and leaves Plaintiff to her proofs.

11.     Admits the allegations contained in paragraph 57 of the Complaint to the extent co-defendant Asset Acceptance retained F&G and otherwise denies the remaining allegations contained in this paragraph of the Complaint and leaves Plaintiff to her proofs.

12.     Admits the allegations contained in paragraph 58 of the Complaint to the extent the exhibited document speaks for itself and otherwise denies knowledge and information with respect to the remaining allegations contained in this paragraph of the Complaint and leaves Plaintiff to her proofs.

13.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 59, 60, 61, 62, 63, 64 and 65 of the Complaint.

14.     Admits the allegations contained in paragraph 66 of the Complaint to the extent that F&G sent Bank of America an information subpoena with a restraining notice which speaks for itself and otherwise denies the remaining allegations contained in this paragraph of the Complaint.

15.     Denies the allegations contained in paragraphs 67 and 68 of the Complaint and leaves Plaintiff to her proofs.

16.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 69 and 70 of the Complaint and leaves Plaintiff to her proofs.

17.     Denies the allegations contained in paragraph 71 of the Complaint and directs the Plaintiff to F&G's letter dated December 19, 2014 attached hereto as Exhibit "1".

18.     Admits the allegations contained in paragraph 72 of the Complaint to the extent Plaintiff contacted F&G Defendant and otherwise denies the remaining allegations contained in this paragraph of the Complaint and leaves Plaintiff to her proofs.

19.     Admits the allegations contained in paragraph 73 of the Complaint to the extent that F&G sent Plaintiff a letter dated November 10, 2014 which speaks for itself, and otherwise denies the remaining allegations contained in this paragraph of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 74 of the Complaint and leaves Plaintiff to her proofs.

21.     Admits the allegations contained in paragraph 75 of the Complaint to the extent the Plaintiff sent F&G a letter via certified mail which speaks for itself and otherwise denies the remaining allegations contained in this paragraph of the Complaint and leaves Plaintiff to her proofs.

22.     Denies the allegations contained in paragraph 76 of the Complaint and refers to Exhibit "1" which shows to the contrary.

23.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 77, 78 and 79 of the Complaint which are directed to the co-defendant.

24.     Denies the allegations contained in paragraphs 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 and 90 of the Complaint and leaves Plaintiff to her proofs.

25.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 91, 92 and 93 of the Complaint which are directed to the co-defendant.

26.     In response to the allegations contained in paragraph 94 of the Complaint, F&G Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

27.     Denies the allegations contained in paragraphs 95, 96, 97, 98, 99, 100, 101, 102, 103 and 104 of the Complaint and leaves Plaintiff to her proofs.

28.     Denies the allegations contained in the WHEREFORE clause of Count I of the Plaintiff's Complaint and leaves Plaintiff to her proofs.

29.     In response to the allegations contained in paragraph 105 of the Complaint, F&G Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

30.     Denies the allegations contained in paragraphs 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117 and 118 of the Complaint and leaves Plaintiff to her proofs.

31.     Denies the allegations contained in the WHEREFORE clause of Count II of the Plaintiff's Complaint and leaves Plaintiff to her proofs.

32.     In response to the allegations contained in paragraph 119 of the Complaint, F&G Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

33.     Denies the allegations contained in paragraphs 120, 121 and 122 of the Complaint and leaves Plaintiff to her proofs.

34.     Denies the allegations contained in the WHEREFORE clause of Count III of the Plaintiff's Complaint and leaves Plaintiff to her proofs.

35.     In response to the allegations contained in paragraph 123 of the Complaint, F&G Defendant repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

36.     Denies the allegations contained in paragraphs 124, 125, 126, 127, 128 and 129 of the Complaint and leaves Plaintiff to her proofs.

37.     Denies the allegations contained in the WHEREFORE clause of Count IV of the Plaintiff's Complaint and leaves Plaintiff to her proofs.

38.     Denies the allegations contained in the DEMAND FOR JURY TRIAL clause of Plaintiff's Complaint and leaves Plaintiff to her proofs.

39.     Denies all those allegations contained in Plaintiff's Complaint not expressly admitted, denied or otherwise responded to herein.

## AS FOR A FIRST AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

40.     Repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as though set forth in full herein.

41.     The Complaint is barred by the applicable statute of limitations.

## AS FOR A SECOND AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

42.     Repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as though set forth in full herein.

43.     The Complaint is barred by the doctrine of unclean hands.

## AS FOR AN THIRD AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

44.     Repeats and realleges each and every allegation contained in paragraphs 1 through 43 above as though set forth in full herein.

45.     The Complaint is barred by the doctrine of laches.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

46.     Repeats and realleges each and every allegation contained in paragraphs 1 through 45 above as though set forth in full herein.

47.     For a statement to be deemed violative of any subsection of section 1692e of the FDCPA, the statement must be both misleading and *material*.  In the event that F&G Defendant is found to be liable for the actions alleged in the Complaint (which it denies it is), and the communications referenced by Plaintiff are deemed to be misleading, in no way could the alleged misrepresentation be deemed to be material, even to the least sophisticated consumer.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

48.     Repeats and realleges each and every allegation contained in paragraphs 1 through 47 above as though set forth in full herein.

49.     F&G Defendant reserves the right to move for an award of counsel fees, costs and sanctions pursuant to Fed. R. 11.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

50.     Repeats and realleges each and every allegation contained in paragraphs 1 through 49 above as though set forth in full herein.

51.     Plaintiff has failed to provide any facts supporting claims under Section 1692d, e, f and g of the FDCPA or its subparts.  Therefore, Plaintiff's claims under Section 1692d, e, f and g of the FDCPA should be dismissed or withdrawn.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

52.     Repeats and realleges each and every allegation contained in paragraphs 1 through 51 above as though set forth in full herein.

53.     In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is capped at $1,000 per action, not per violation.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

54.     Repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as though set forth in full herein.

55.     Even if F&G Defendant violated the FDCPA, which is denied, Plaintiff has incurred no actual or compensable damages as a result of the alleged conduct of the answering defendant.

## AS FOR A NINTH AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

56.     Repeats and realleges each and every allegation contained in paragraphs 1 through 55 above as though set forth in full herein.

57.     The plaintiff has not suffered any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or any other injuries justifying a claim for actual damages as a result of the permissible, reasonable and appropriate conduct of F&G Defendant.

## AS FOR A TENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

58.     Repeats and realleges each and every allegation contained in paragraphs 1 through 57 above as though set forth in full herein.

59.     The alleged conduct referenced in the Complaint, if accurate and while denied, was ultimately the result of the alleged fraud of the plaintiff's ex-boyfriend, as

conceded by the plaintiff in her Complaint. The plaintiff's ex- boyfriend is a third party over whom the defendants had no control. The defendants also had no knowledge of the conduct of the plaintiff's ex-boyfriend. The plaintiff has chosen not to name her ex-boyfriend as a defendant in this matter, despite her knowledge of his being the cause of her alleged damages. The plaintiff cannot seek to recover damages from the defendants in this matter despite her admission that a non-party is allegedly responsible for her alleged damages and her conscious decision not to name that party as a defendant in this matter.

### AS FOR A ELEVENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

60.     Repeats and realleges each and every allegation contained in paragraphs 1 through 59 above as though set forth in full herein.

61.     F&G Defendant's conduct, with respect to Plaintiff, did not violate the FDCPA. Therefore, F&G Defendant affirmatively states that Plaintiff's claims against it pursuant to the FDCPA lack any degree of viability and all claims against F&G Defendant should be dismissed or withdrawn.

### AS FOR A TWELFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

62.     Repeats and realleges each and every allegation contained in paragraphs 1 through 61 above as though set forth in full herein.

63.     Any violation of the law or damage suffered by Plaintiff, which F&G Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of F&G.

## AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

64.     Repeats and realleges each and every allegation contained in paragraphs 1 through 63 above as though set forth in full herein.

65.     A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature.

## AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

66.     Repeats and realleges each and every allegation contained in paragraphs 1 through 65 above as though set forth in full herein.

67.     Declaratory relief is unavailable to private litigants for claims premised on the FDCPA.  See *Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004). Additionally, plaintiff seeks declaratory relief premised on the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), to circumvent the purposeful exclusion of declaratory relief under the FDPCA, and plaintiff's attempt to seek declaratory or injunctive relief should be dismissed or withdrawn.  See See *Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004)

68.     Therefore, Plaintiff's efforts to seek declaratory relief by circumventing the FDCPA through application of the Federal Declaratory Judgment Act fail as a matter of law and should be withdrawn, stricken or dismissed.

## AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF F&G DEFENDANT:

69.     Repeats and realleges each and every allegation contained in paragraphs 1 through 68 above as though set forth in full herein.

70.     To state a claim under § 349 of the NYGBL, a plaintiff must show that "(1) the defendants' acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result." *Sheehy v. New Century Mortg. Corp.*, 690 F. Supp. 2d 51, 74 (E.D.N.Y. 2010); *see also* S*pagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Here, the alleged practice complained of is not consumer-oriented.  Second, the purported practice was not misleading in a material way.  Third, the plaintiff is unable to identify any actual injury she suffered as a result of the conduct alleged in the Complaint. Therefore, the plaintiff's claims under § 349 of the NYGBL should be dismissed or withdrawn.

### AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

71.     Repeats and realleges each and every allegation contained in paragraphs 1 through 70 above as though set forth in full herein.

72.     Even if Plaintiff could prove that F&G Defendant's actions and/or practices were deceptive in violation of NYGBL § 349, which F&G denies, Plaintiff does not have a right for relief as Plaintiff did not suffer any injuries as a result of the alleged acts or practices of F&G, as required by this Section for private relief.

### AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

73.     Repeats and realleges each and every allegation contained in paragraphs 1 through 72 above as though set forth in full herein.

74.     F&G Defendant denies that the communications referenced in the Complaint were in any way deceptive, false or misleading.  However, in the unlikely

event that the Court entertains Plaintiff's position regarding the communications referenced in the Complaint, it cannot be said to be *material* violation of the FDCPA. *See Jensen v. Pressler & Pressler and Midland Funding, LLC,* No. 14-2808, 2015 U.S. App. LEXIS 11188 (3d Cir. June 30, 2015);.  Therefore, Plaintiff's claims cannot prevail as a matter of law.

### AS FOR A EIGHTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

75.     Repeats and realleges each and every allegation contained in paragraphs 1 through 74 above as though set forth in full herein.

76.     In the event that Plaintiff is able to adequately plead an individual claim under the NYGBL, her entitlement to statutory damages is capped at $1,000.  NYGBL § 349(h).

### AS FOR A NINETEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

77.     Repeats and realleges each and every allegation contained in paragraphs 1 through 76 above as though set forth in full herein.

78.     While F&G Defendant denies all allegations of wrongdoing alleged in the Complaint, in the event that any violation of NYGBL § 349 is found, which is denied, the conduct which result in such a finding was not willful and knowing.

### AS FOR A TWENTIETH AFFIRMATIVE DEFENSE
### ON BEHALF OF F&G DEFENDANT:

79.     Repeats and realleges each and every allegation contained in paragraphs 1 through 78 above as though set forth in full herein.

80.     F&G Defendant reserves the right to raise any other Affirmative Defenses not previously asserted within this Answer.

WHEREFORE, Defendant respectfully request that Plaintiff's Complaint be dismissed, F&G Defendant's reasonable attorney's fees and costs and for such other and further relief which to the Court may seem just and proper.

DATED: October 7, 2015
          Rochester, New York           /s/:  Glenn M. Fjermedal
                                                   Glenn M. Fjermedal, Esq.
                                                   DAVIDSON FINK LLP
                                                   28 East Main Street, Suite 1700
                                                   Rochester, New York 14614
                                                   Telephone:  (585) 546-6448
                                                   *Attorneys for F&G Defendant*