**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LASHAWN BROWN,** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | **1:15-cv-06779-KBF** |
| **FORSTER & GARBUS, LLP AND ASSET ACCEPTANCE, LLC,** | **ASSET ACCEPTANCE, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

**AND NOW** comes Defendant, Asset Acceptance, LLC ("Asset"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., and hereby answers the Complaint of Plaintiff, Lashawn Brown ("Plaintiff").  In support thereof, Asset aver as follows:

## ANSWER TO INTRODUCTION

1.     Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

2.     Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

3.     Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

4.     Admitted in part and denied in part.  Asset admits that its records reflect that a legal action was initiated against Plaintiff in 2007 on behalf of

1

Asset.   Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

5.     Admitted in part and denied in part.  Asset admits that its records reflect that the default judgment entered against Plaintiff was vacated on January 9, 2015.   Asset denies that collection action was dismissed on the May 9, 2012 trial date as, per court records, that trial date was adjourned.  The e-Courts docket indicates that a second trial date was scheduled for August 10, 2012, at which time the complaint was dismissed. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

6.     Admitted in part and denied in part.  Asset admits that it retained Foster & Garbus LLP to recover on Plaintiff's debt obligation.  Asset denies undertaking any improper conduct and leaves plaintiff to her proofs.  Asset also denies Plaintiff's safe deposit box remains frozen, as Asset is of information and belief that a release of Plaintiff's social security box was requested on December 19, 2014.  *See* the December 19, 2014 Release to Bank of America and the confirmation, Exhibit "1" to this Answer (redacted per local rules).  Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

## ANSWER TO JURISDICTION AND VENUE

7.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

8.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

9.     Denied.  Asset denies these allegations as they are conclusions of law.  Asset refers all questions of law to the Court.  While a legal conclusion, Asset specifically denies that declaratory relief is available under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq., ("FDCPA") as a matter of well-settled law, even through an attempt to circumvent the FDCPA through the improper utilization of the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02 (1976). *See Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004). Therefore, Asset denies that this Court has jurisdiction over this matter premised on 28 U.S.C. §2201.

10.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

## ANSWER TO PARTIES

11.     Denied.  Asset lacks sufficient knowledge, information, or belief as to whether Plaintiff currently resides in the Southern District of New York and, therefore, Asset denies these allegations.

12.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

13.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

14.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

15.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

16.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

17.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

18.     Admitted in part and denied in part.  Asset admits that, at times, its conduct renders it a debt collector, as the term is defined by the FDCPA. Asset further admits that it maintains an office in the State of Michigan.  All other allegations of this paragraph are denied and Plaintiff is left to her proofs.

19.     Admitted.

20.     Admitted in part and denied in part.  Asset admits that, at times, its conduct renders it a debt collector, as the term is defined by the FDCPA.  All other allegations of this paragraph are denied and Plaintiff is left to her proofs.

21.     Admitted in part and denied in part.  Asset admits that, at times, its conduct renders it a debt collector, as the term is defined by the FDCPA.  All other allegations of this paragraph are denied and plaintiff is left to her proofs.

22.     Admitted in part and denied in part.  Asset admits that, at times, its conduct renders it a debt collector, as the term is defined by the FDCPA.  All other allegations of this paragraph are denied and plaintiff is left to her proofs.

23.     Admitted in part and denied in part.  Asset admits that Plaintiff's debt obligation was acquired by Asset after the debt obligation was deemed in default and that Asset made efforts to recover on Plaintiff's debt obligation.  All other allegations of this paragraph are denied and plaintiff is left to her proofs.

24.     Admitted in part and denied in part.  Asset admits that is acquired all rights of the original creditor with respect to several debt obligations owed by Plaintiff.  All other allegations of this paragraph are denied and Plaintiff is left to her proofs.

25.     Admitted in part and denied in part.  Asset admits that it utilizes the mail and, when necessary, retains counsel to assess debt obligations, and, where warranted, to bring collection actions to recover on debt obligations owed to Asset.   Asset further admits that, at times, its counsel, where appropriate, utilizes lawful post-judgment remedies.   Unless otherwise admitted, Asset denies the allegations in this paragraph.

26.     Denied.   Asset denies engaging in any acts or omissions which would constitute a violation of the FDCPA.   Therefore, Asset denies the remaining allegations in this paragraph as they rely on the false premise of violative conduct on the part of Asset. A factual basis for these conclusory allegations is demanded of Plaintiff.

27.     Denied Asset denies and objects to Plaintiff's flawed attempt to refer to separately named defendants jointly and severally throughout her Complaint.   Plaintiff maintains separate burdens of proof as to each defendant and therefore undertakes such a practice at her own procedural risk. Further, as Plaintiff has not set forth what specific conduct in which the Plaintiff alleges the Defendants were acting jointly and severally, Asset lacks sufficient knowledge, information, or belief as to what conduct Plaintiff is referring to in this paragraph and, therefore, Asset must deny these allegations.

## ANSWER TO FACTS SECTION

28.     Admitted in part and denied in part.   Asset admits that it has attempted to collect several outstanding debt obligations owed by Plaintiff.   As the specific debt obligation in question has not been identified in this paragraph, Asset lacks sufficient knowledge, information, or belief as to the account in question and therefore Asset denies these allegations.

29.     Denied.   Asset has attempted to collect several outstanding debt obligations allegedly owed by Plaintiff.   As the specific debt obligation in question has not been identified in this paragraph, Asset lacks sufficient knowledge, information, or belief as to the account in question and therefore

Asset denies these allegations. Asset also lacks sufficient knowledge, information or belief as to whether the any of Plaintiff's alleged debts are "consumer debts" and, therefore, Asset denies this allegation and leaves Plaintiff to her burden of proof.

30. Denied. Asset has attempted to collect several outstanding debt obligations allegedly owed by plaintiff. As the specific debt obligation in question has not been identified in this paragraph, Asset lacks sufficient knowledge, information, or belief as to the account in question and therefore Asset denies these allegations. The allegations in this paragraph also constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

31. Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

32. Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the beliefs held by Plaintiff in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

33. Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

34. Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

35.     Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

36.     Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

37.     Denied.  Asset denies these allegations as what has been attached as "Exhibit A" to the plaintiff's Complaint is a redacted document that speaks for itself.  Asset lacks sufficient knowledge, information, or belief as to confirm or deny the authenticity of this document or to otherwise confirm or deny plaintiff's alleged interactions with the authorities in South Carolina and therefore Asset denies these allegations.

38.     Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

39.     Admitted in part and denied in part.  Asset admits that Plaintiff's debt obligation was acquired through a lawful written assignment from the original creditor. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

40.     Denied.  Asset denies these allegations.  By plaintiff's own admission, even if Plaintiff's debt was the result of identity theft, Asset would have possessed no knowledge of any such third party conduct during the time

8

period alleged in this paragraph.  A factual basis for these allegations is demanded of Plaintiff.

41.    Admitted in part and denied in part.  Asset admits that it received a dispute from Plaintiff alleging identity theft and that Asset issued a letter requested additional information from Plaintiff to assist in properly investigating Plaintiff's claims.  Asset further admits that Plaintiff was provided a fraud affidavit and failed to complete and return the fraud affidavit.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

42.    Admitted in part and denied in part.  Asset admits that it issued a second letter to Plaintiff on January 4, 2006, requesting additional information to assist Asset in its investigation concerning Plaintiff's claim of fraud.  The January 4, 2006 letter from Asset is a document that speaks for itself and the letter is attached to the Complaint as Exhibit B.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

43.    Admitted in part and denied in part.  Asset admits that Plaintiff alleged identity theft, but Plaintiff failed to provide Asset with any information to assist Asset in determining whether the subject debt was incurred as the result of fraud as a result of Plaintiff's failure to respond to multiple requests for information concerning the fraud in connection with the specific debt being collected by Asset.  Asset admits that it hired an attorney to assist in the recovery of Plaintiff's debt obligation and that this attorney, Joel Melnicoff, determined that filing a collection action was an appropriate means to recover

on Plaintiff's outstanding debt obligation.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

44.    Admitted in part and denied in part.  Asset admits that a collection action was filed on behalf of Asset against the Plaintiff in the City of New York, County of the Bronx to recover on her debt obligation. Unless otherwise admitted, Asset denies the allegations in this paragraph.

45.    Denied. Asset lacks sufficient knowledge, information, or belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

46.    Admitted in part and denied in part.  Asset admits that a default judgment was entered against Plaintiff with respect to her delinquent debt obligation owed to Asset on January 11, 2008.  The default judgment attached to the Complaint as "Exhibit C" is a document that speaks for itself.  Asset denies that the default judgment was secured on January 1, 2008, as "Exhibit C" reflects that the date of the judgment was January 11, 2008, not January 1, 2008, as alleged in the Complaint.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

47.    Denied. Asset lacks sufficient knowledge, information, or belief as to when plaintiff first became aware of the default judgment and therefore Asset denies these allegations.   Unless otherwise admitted, Asset denies the allegations in this paragraph as the documents appended to the Complaint as Exhibits "D" and "E" are writings that speak for themselves.

10

48.     Admitted in part and denied in part.  Asset admits, on information and belief, that Plaintiff filed an Order to Show Cause in an effort to vacate the default judgment.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

49.     Denied.  Ms. Brown's Affidavit in support of her Order to Show Cause, attached to the Complaint as Exhibit "F", is a document that speaks for itself.  Asset lacks sufficient knowledge, information, or belief as to the representations made by the plaintiff in that Affidavit and therefore Asset denies these allegations.

50.     Admitted in part and denied in part.  Asset admits that the Court vacated the default judgment on January 9, 2012.  The Order vacating default, attached to the Complaint as Exhibit "G",  is a document that speaks for itself.  Any additional allegations in this paragraph are denied and the plaintiff is left to her proofs.

51.     Admitted in part and denied in part.  The plaintiff's Proposed Answer to the Complaint, attached to the Complaint as Exhibit "H", is a document that speaks for itself.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

52.     Admitted in part and denied in part.  The plaintiff's Proposed Answer to the Complaint is a document that speaks for itself.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

53.     Admitted in part and denied in part.  The August 10, 2012 Order, attached to the Complaint as Exhibit "I", is a document that speaks for itself.

11

Asset lacks sufficient knowledge, information, or belief regarding plaintiff's alleged mindset at the time the collection complaint was dismissed and therefore Asset denies these allegations.   Unless otherwise admitted, Asset denies the allegations in this paragraph.

54.   Admitted in part and denied in part.  The NYS Unified Court System website and its contents are writings that speak for themselves.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

55.   Denied.  While the allegations of this paragraph are not directed to any specific defendant, in the event that this paragraph is determined to be directed at Asset, denied, and the plaintiff is left to her proofs.

56.   Denied.

57.   Denied.  Asset denies these allegations and leaves Plaintiff to her proofs.

58.   Denied.  Asset denies these allegations as Forster & Garbus' August 27, 2014 letter is a document that speaks for itself.  Asset also denies Plaintiff's characterization of the "Re:" line from the letter.  Any other allegations in this paragraph are denied.

59.   Denied. Asset lacks sufficient knowledge, information, or belief as to  whether Plaintiff received a Substitution of Counsel from the codefendant Forster & Garbus ("F&G").   Unless otherwise admitted, Asset denies the allegations in this paragraph.

60.   Denied.  Asset lacks sufficient knowledge, information, or belief as to whether the August 27, 2014 letter was the first communication Plaintiff

12

received from F&G and therefore Asset must deny this allegation.  Asset further denies Plaintiff's reference to the codefendant as "Asset Acceptance's new debt collector."   Unless otherwise admitted, Asset denies the allegations in this paragraph.

61.    Denied.  Asset lacks sufficient knowledge, information, or belief as to whether the August 27, 2014 F&G letter was the first written communication Plaintiff received from F&G and therefore Asset must deny this allegation.   Asset further denies plaintiff's reference to the codefendant as "Asset Acceptance's new debt collector."   Unless otherwise admitted, Asset denies the allegations in this paragraph.

62.    Denied.  F&G's August 27, 2014 letter is a document that speaks for itself.  Asset denies Plaintiff's characterization of the "Re:" line from the letter.   The F&G August 27, 2014 letter also clearly stated that the amount in question was being sought in connection with collecting a debt.  Further, it is clear from Plaintiff's response that Plaintiff was well aware of the origin of the underlying debt.   Any other allegations of this paragraph are denied and Plaintiff is left to her proofs.

63.    Denied.  The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

64.    Denied.  Asset lacks sufficient knowledge, information, or belief as to whether F&G's August 27, 2014 letter was the first communication Plaintiff

received from F&G and therefore Asset must deny this allegation.  Asset further denies plaintiff's reference to the codefendant as "Asset Acceptance's new debt collector."   Asset denies that it violated the FDCPA in any way.   Unless otherwise admitted, Asset denies the allegations in this paragraph.

65.   Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

66.   Denied.  Asset denies and objects to Plaintiff's reference and use of the phrase "upped the ante."  Asset further denies these allegations as they are not directed at Asset and Asset leaves the answering of the same to the party intended.

67.   Denied.  Asset denies these allegations and leaves Plaintiff to her proofs.

68.   Admitted in part and denied in part.  Asset admits the disposition of the underlying suit was available on the Court's website.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

69.   Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

70.   Admitted in part and denied in part.  Asset admits that Plaintiff has attached an October 20, 2014 Information Subpoena with Restraining Notice directed to Bank of America and A November 3, 2014 Letter from Bank of America to Plaintiff as Exhibit "L" to the Complaint.  Asset lacks sufficient

14

knowledge, information, or belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

71.    Denied.  Asset denies these allegations and directed Plaintiff to F&G's December 19, 2014 Letter to Bank of America, attached hereto as Exhibit "1".

72.    Denied.  The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

73.    Denied.  The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.  "Exhibit N" referenced in this paragraph are also documents which can speak for themselves.

74.    Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

75.    Denied.  Plaintiff's March 2, 2015 letter and enclosures, attached to the Complaint as Exhibit "O", are documents which can speak for themselves.  Asset lacks sufficient knowledge, information, or belief as to the

truth or falsity of the remaining allegations in this paragraph and, therefore, denies these allegations and leaves Plaintiff to her proofs.

76.     Denied.  Asset denies these allegations and directs Plaintiff to Exhibit "1" to this Answer, which shows to the contrary.

77.     Denied.  Asset denies Plaintiff's information and belief and leaves Plaintiff to her burden of proof.

78.     Denied.  Without reference to the specific judgments to which Plaintiff refers, Asset lacks sufficient knowledge, information, or belief as to the allegations of this paragraph and therefore Asset denies these allegations.

79.     Denied.  Asset denies Plaintiff's information and belief and specifically denies any suggestion of wrongdoing.  Plaintiff is left to her proofs.

80.     Denied.  Asset denies Plaintiff's information and belief and specifically denies any suggestion of wrongdoing.  Plaintiff is left to her proofs.

81.     Denied.  Plaintiff is left to her proofs.

82.     Admitted in part and denied in part.  Asset admits, at times, it uses a computer system to generate letters from information inputted by Asset employees.  Asset denies plaintiff's allegations concerning how plaintiff believes this information is entered into Asset's computer system by its employees. Unless otherwise admitted, Asset denies the allegations in this paragraph and leaves Plaintiff to her proofs.

83.     Denied.  Asset denies plaintiff's allegations concerning how plaintiff believes this information is entered into Asset's computer system by its

16

employees.  Any further allegations of this paragraph are denied and Asset leaves Plaintiff to her proofs.

84.     Admitted in part and denied in part.  Asset admits, at times, it uses a computer system to generate letters from information inputted by Asset employees.  Asset denies plaintiff's allegations concerning how plaintiff believes the information is entered into Asset's computer system by its employees. Unless otherwise admitted, Asset denies the allegations in this paragraph and leaves Plaintiff to her proofs.

85.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

86.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

87.     Denied.  Asset denies all allegations of wrongdoing and denies the remaining allegations.  By way of further response, Asset directed Plaintiff to Exhibit "1" to this Answer.

88.     Denied.  The documents attached to the complaint are writings that speak for themselves.  Plaintiff is left to her proofs.

89.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event

17

that the allegation of this paragraph is determined to be directed at Asset, denied.

90.     Denied. The allegations of this paragraph are not directed at Asset and Asset leaves the answering of the same to the party intended.  In the event that the allegation of this paragraph is determined to be directed at Asset, denied.

91.     Denied.  Asset denies these conclusory allegations and demands a factual basis for these allegations from Plaintiff.

92.     Denied.  Asset denies these conclusory allegations and demands a factual basis for these allegations from Plaintiff, including a description of the property to which Plaintiff contends she was deprived.

93.     Denied.  Asset denies that its conduct was a proximate or direct cause of any perceived harm claimed by Plaintiff, including harm in the form of nervousness, upset, anxiousness, embarrassment or other emotional distress. A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO COUNT I

94.     No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Asset incorporates its responses to Paragraphs 1 through 93 as though fully set forth herein at length.

95.     Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

96.     Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

97.     Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

98.     Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Asset also denies and objects to plaintiff's characterization of the "Re:" line from the August 27, 2014 letter, a document that speaks for itself.  Plaintiff is left to her proofs.

99.     Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

100.    Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

101.    Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

102.    Denied.  Plaintiff is left to her proofs.

103.    Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

104.    Denied.  Asset denies undertaking any conduct which would be violative of the FDCPA. Plaintiff is left to her proofs.

## **ANSWER TO WHEREFORE PARAGRAPH**

Asset admits that Plaintiff is seeking statutory damages, actual damages, attorney's fees, litigation expenses and costs, and declaratory relief.   Asset denies that the plaintiff is entitled to any such relief.   To the extent that this paragraph contains conclusions of law, Asset refers such questions to the Court.   Asset denies that   declaratory relief is available remedies under the FDCPA as a plain matter of settled law.   To the extent that Plaintiff is suggesting that Asset violated any law or is liable to Plaintiff, Asset denies same.

## **ANSWER TO COUNT II**

105.   No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Asset incorporates its responses to Paragraphs 1 through 104 as though fully set forth herein at length.

106.   Admitted in part and denied in part.   Asset admits that plaintiff has quoted a portion of New York G.B.L. §349(a).   Asset denies that New York G.B.L. §349(a) is applicable to this matter or that Asset violated New York G.B.L. §349(a) in any way.   Plaintiff is left to her proofs.

107.   Admitted in part and denied in part.   Asset admits that plaintiff has quoted a portion of New York G.B.L. §349(h).   Asset denies that New York G.B.L. §349(h) is applicable to this matter or that Asset violated New York G.B.L. §349(h) in any way.   Asset further denies undertaking any willful or

knowing conduct in violation of New York G.B.L. §349.  Plaintiff is left to her proofs.

108.   Denied.  Asset denies that New York G.B.L. §349 is applicable to this matter or that Asset violated New York G.B.L. §349 in any way.  Plaintiff is left to her proofs.

109.    Denied.  Asset denies that New York G.B.L. §349 is applicable to this matter or that Asset violated New York G.B.L. §349 in any way. Asset further denies undertaking any false, deceptive, or misleading conduct.  Any other allegations of this paragraph are denied.  Plaintiff is left to her proofs.

110.   Denied.  Asset denies that New York G.B.L. §349 is applicable to this matter or that Asset violated New York G.B.L. §349 in any way.  Asset further denies undertaking any false, deceptive, or misleading conduct.  Any other allegations of this paragraph are denied.  Plaintiff is left to her proofs.

111.   Denied.  Asset denies that New York G.B.L. §349 is applicable to this matter or that Asset violated New York G.B.L. §349 in any way.  Asset further denies undertaking any false, deceptive, or misleading conduct.  Any other allegations of this paragraph are denied.  Plaintiff is left to her proofs.

112.   Denied.  Asset denies that New York G.B.L. §349 is applicable to this matter or that Asset violated New York G.B.L. §349 in any way. Asset further denies undertaking any false, deceptive, or misleading conduct.  Any other allegations of this paragraph are denied.  Plaintiff is left to her proofs.

113. Denied. Asset denies that New York G.B.L. §349 is applicable to this matter or that Asset violated New York G.B.L. §349 in any way. Any other allegations of this paragraph are denied. Plaintiff is left to her proofs.

114. Denied. Asset denies undertaking any deceptive acts or practices against the plaintiff or otherwise. Any other allegations of this paragraph are denied. Plaintiff is left to her proofs.

115. Denied. Asset denies undertaking any deceptive acts or practices against the plaintiff or otherwise. Asset further denies undertaking any deceptive acts willfully or knowingly. Any other allegations of this paragraph are denied. Plaintiff is left to her proofs.

116. Denied. Asset denies all allegations of wrongdoing and, again, Asset is of information and belief that a release of the plaintiff's social security box was made on December 19, 2014. Any other allegations of this paragraph are denied. Plaintiff is left to her proofs.

117. Denied. Asset denies that the plaintiff is entitled to injunctive relief. Asset further denies that the plaintiff has incurred any actual damages. In the event that the plaintiff has incurred actual damages, which is denied, such damages would be the result of the plaintiff's ex-boyfriend, a nonparty to this suit who the plaintiff has chosen not to name as a defendant. Asset further denies all allegations of deception and wrongdoing in this paragraph. Any further allegations in this paragraph are denied. Plaintiff is left to her proofs.

118.  Denied.  Asset denies that it undertook any deceptive acts or practices, or that the plaintiff suffered any compensable harm.  Asset further denies that it undertook any conduct which would be violative of N.Y. G.B.L. § 349.  Asset forth denies that the plaintiff is entitled to any injunctive relief or damages, including, but not limited to, attorneys' fees.  Any further allegations of this paragraph are denied.  Plaintiff is left to her proofs.

## ANSWER TO WHEREFORE PARAGRAPH

Asset admits that Plaintiff is seeking a judgment in her favor including statutory damages, actual damages, attorney's fees, litigation expenses and costs, and, injunctive relief and declaratory relief.  Asset denies that the plaintiff is entitled to any such relief.   To the extent that this paragraph contains conclusions of law, Asset refers such questions to the Court.  Asset denies that injunctive relief or declaratory relief is available remedies under the FDCPA or N.Y. G.B.L. § 349 as a plain matter of settled law.  Asset further denies that plaintiff is entitled to treble damages under N.Y. G.B.L. § 349(h).  To the extent that Plaintiff is suggesting that Asset violated any law or is liable to Plaintiff, Asset denies same.

## ANSWER TO COUNT III

119.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

120.   Denied.  Asset denies these allegations and directs Plaintiff to Exhibit "1", which holds to the contrary.  A factual basis for these conclusory allegations is demanded of Plaintiff.

121.   Denied.  Asset denies these allegations and directs Plaintiff to Exhibit "1", which holds to the contrary. Asset denies the remaining allegations in this paragraph as they rely on a false premise. A factual basis for these conclusory allegations is demanded of Plaintiff.

122.   Denied.  Asset denies these allegations and directs Plaintiff to Exhibit "1", which holds to the contrary. Asset denies the remaining allegations in this paragraph as they rely on a false premise. A factual basis for these conclusory allegations is demanded of Plaintiff, including the chattel to which Plaintiff claims she was purportedly deprived, and any and all facts supporting her conclusory allegations of actual damages.

## ANSWER TO WHEREFORE PARAGRAPH

Asset admits that Plaintiff is seeking a judgment in her favor including statutory damages, actual damages, punitive damages, attorney's fees, litigation expenses and costs, and, injunctive relief and declaratory relief. Asset denies that the plaintiff is entitled to any such relief.   To the extent that this paragraph contains conclusions of law, Asset refers such questions to the Court.  Asset denies that  injunctive relief or declaratory relief is available remedies under the FDCPA or N.Y. G.B.L. § 349 as a plain matter of settled law.  Injunctive relief is also unnecessary as the plaintiff's Safe Deposit box was

released on December 19, 2014.  To the extent that Plaintiff is suggesting that Asset violated any law or is liable to Plaintiff, Asset denies same.

## ANSWER TO COUNT IV

123.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

124.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

125.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

126.  Denied.  Plaintiff is left to her proofs.

127.  Denied.  Asset is of information and belief that a release of the plaintiff's social security box was made on December 19, 2014.  Any other allegations of this paragraph are denied.   Plaintiff is left to her proofs.

128.  Denied.  Asset is of information and belief that a release of the plaintiff's social security box was made on December 19, 2014.  Asset further denies any allegations of false or fraudulent conduct.  Any other allegations of this paragraph are denied.   Plaintiff is left to her proofs.

129.  Denied.  Asset is of information and belief that a release of the plaintiff's social security box was made on December 19, 2014.  Asset further denies that the plaintiff that the plaintiff sustained any actual or compensable damages as a result of having her safe deposit box frozen for less than two months.  Any other allegations of this paragraph are denied.   Plaintiff is left to her proofs.

## ANSWER TO WHEREFORE PARAGRAPH

Asset admits that Plaintiff is seeking a judgment in her favor including statutory damages, actual damages, punitive damages, attorney's fees, litigation expenses and costs, and, injunctive relief and declaratory relief. Asset denies that the plaintiff is entitled to any such relief.   To the extent that this paragraph contains conclusions of law, Asset refers such questions to the Court.   Asset denies that  injunctive relief or declaratory relief is available remedies under the FDCPA or N.Y. G.B.L. § 349 as a plain matter of settled law.  Injunctive relief is also unnecessary as the plaintiff's Safe Deposit box was released on December 19, 2014.  To the extent that Plaintiff is suggesting that Asset violated any law or is liable to Plaintiff, Asset denies same.

## ANSWER TO DEMAND FOR JURY TRIAL

130.  Admitted in part and denied in part.  Asset admits that Plaintiff demands a trial by jury, but denies that Plaintiff is entitled to a trial by jury in the absence of any viable claims against Asset.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

 The Complaint is barred by the Doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the Doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

For a statement to be deemed violative of any subsection of section 1692e of the FDCPA, the statement must be both misleading and *material*. *See Rogozinski v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 153894 (E.D. Pa. 2012). In the event that Asset is found to be liable for the actions alleged in the Complaint (which it denies it is), and the communications referenced by Plaintiff are deemed to be misleading, in no way could the alleged misrepresentation be deemed to be material, even to the least sophisticated consumer.

## SIXTH AFFIRMATIVE DEFENSE

Asset reserves the right to move for an award of counsel fees, costs and sanctions pursuant to Fed. <u>R.</u> 11.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to provide any facts supporting claims under Section 1692d, e, f and g of the FDCPA or its subparts. Therefore, Plaintiff's claims under Section 1692d, e, f and g of the FDCPA should be dismissed or withdrawn.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is capped at $1,000 per action, not per violation. *See Goodmann v. Peoples Bank, et al.,* 2006 US

App. LEXIS 31555 (3rd Cir. 2006); *Brown v. Law Offices of Butterfield*, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); *Mann v. Acclaim Fin Servs*, 348 F. Supp. 2d 923 (S.D. Ohio 2004); *Ganske v. Checkrite Limited*, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); *Wright v. Finance Service of Norwalk, Inc.,* 22 F. 3d 647 (6th Cir. 1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561 (11th cir. 1992); *Donahue v. NFS, Inc.*, 781 F. Supp. 188 (W.D.N.Y. 1991); *Wiener v. Bloomfield*, 901 F. Supp. 771 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925 (D. Del. 1991); and *Harvey v. United Adjusters*, 509 F. Supp 1218 (D. Or. 1981).

## **NINTH AFFIRMATIVE DEFENSE**

Even if Asset violated the FDCPA, which is denied, Plaintiff has incurred no actual or compensable damages as a result of the alleged conduct of the answering defendant.

## **TENTH AFFIRMATIVE DEFENSE**

The plaintiff has not suffered any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or any other injuries justifying a claim for actual damages as a result of the permissible, reasonable and appropriate conduct of Asset.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged conduct referenced in the Complaint, if accurate and while denied, was ultimately the result of the alleged fraud of the plaintiff's ex-boyfriend, as conceded by the plaintiff in her Complaint.   The plaintiff's ex-boyfriend is a third party over whom the defendants had no control.   The defendants also had no knowledge of the conduct of the plaintiff's ex-boyfriend. The plaintiff has chosen not to name her ex-boyfriend as a defendant in this matter, despite her knowledge of his being the cause of her alleged damages. The plaintiff cannot seek to recover damages from the defendants in this matter despite her admission that a non party is allegedly responsible for her alleged damages and her conscious decision not to name that party as a defendant in this matter.

### TWELFTH AFFIRMATIVE DEFENSE

Asset's conduct, with respect to Plaintiff, did not violate the FDCPA. Therefore, Asset affirmatively states that Plaintiff's claims against it pursuant to the FDCPA lack any degree of viability and all claims against Asset should be dismissed or withdrawn

### THIRTEENTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Asset denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Asset.

**FOURTEENTH AFFIRMATIVE DEFENSE**

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature.  *See Anderson v. AFNI, Inc.*, 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. 2011).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Declaratory relief is unavailable to private litigants for claims premised on the FDCPA.  See *Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004).  Additionally, plaintiff seeks declaratory relief premised on the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), to circumvent the purposeful exclusion of declaratory relief under the FDPCA, and plaintiff's attempt to seek declaratory or injunctive relief should be dismissed or withdrawn.  See *Weiss*, supra., and see *Sibley v. Fulton Dekalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982)("The thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices....  equitable relief is not available to an individual under the civil liability section of the Act").

Additionally, The U.S. District Court for the Central District of Illinois thoroughly analyzed this issue in *Zanni v. Lippold*, 119 F.R.D. 32, 33 (D. Ill. 1988) as follows:

> In *Duran v. Credit Bureau of Yuma,* 93 F.R.D. 607 (D. Ariz. 1982), the court held that it was without jurisdiction to grant injunctive relief to a consumer aggrieved by a debt collector's failure to comply with the requirements of the Fair Debt Collection Practices Act (FDCPA). That view is supported by the language of the FDCPA, . . . . by the Act's legislative history; by a comparison of the Act with other consumer protection statutes and cases which have specifically ruled that comparable civil liability or enforcement provisions should be

narrowly construed. *Id.* at 608 (footnotes omitted). Similarly, in *Strong v. National Credit Management Co.,* 600 F. Supp. 46 (E.D. Ark. 1984), the court stated: "The FDCPA specifically authorizes the Federal Trade Commission (FTC) to seek injunctive relief (15 U.S.C. § 1691(l)) and defendant persuasively argues that this is a strong indication of Congress' intent to limit private actions to damage claims." Thus, the Court held no private action for injunctive relief lies under the statute. Finally, we consider the Act's legislative history. The Senate Report on the FDCPA, S. Rep. No. 382, 95th Cong., 2d Sess. 5, *reprinted in* 1977 U.S. Code Cong. & Ad. News 1695, 1699-1700, sets out detailed civil liability penalties. These penalties, however, are neatly divided according to who is bringing the action. Consumers are allowed "actual damages . . . . as well as any additional damages the court deems appropriate, not exceeding $ 1,000." Significantly, the report does not say "as well as any additional *relief* the court deems appropriate." Clearly, Congress was allowing only for monetary damages where private parties were concerned. Conversely, in the following section of the report, entitled "Administrative enforcement," the report states: "The Federal Trade Commission is authorized to treat violations of the act as violations of a trade regulation rule, which empowers the Commission to obtain restraining orders and seek fines in federal district court." Thus, Congress did provide for injunctive relief under the Act, but reserved its availability to the FTC. Undoubtedly, there was a conscious decision made by Congress to divide the available relief. We will not upset Congress' decision.

Therefore, Plaintiff's efforts to seek declaratory relief by circumventing the FDCPA through application of the Federal Declaratory Judgment Act fail as a matter of law and should be withdrawn, stricken or dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

To state a claim under § 349 of the NYGBL, a plaintiff must show that "(1) the defendants' acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result." *Sheehy v. New Century Mortg.*

31

*Corp.*, 690 F. Supp. 2d 51, 74 (E.D.N.Y. 2010); *see also* S*pagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).  Here, the alleged practice complained of is not consumer-oriented.  Second, the purported practice was not misleading in a material way.  Third, the plaintiff is unable to identify any actual injury she suffered as a result of the conduct alleged in the Complaint.  Therefore, the plaintiff's claims under § 349 of the NYGBL should be dismissed or withdrawn.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could prove that Asset's actions and/or practices were deceptive in violation of NYGBL § 349, which Asset denies, Plaintiff does not have a right for relief as Plaintiff did not suffer any injuries as a result of the alleged acts or practices of Asset, as required by this Section for private relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Asset denies that the communications referenced in the Complaint were in any way deceptive, false or misleading.  However, in the unlikely event that the Court entertains Plaintiff's position regarding the communications referenced in the Complaint, it cannot be said to be *material* violation of the FDCPA.  *See Jensen v. Pressler & Pressler and Midland Funding, LLC,* No. 14-2808, 2015 U.S. App. LEXIS 11188 (3d Cir. June 30, 2015); *Rogozinski v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 153894 (E.D. Pa. 2012).  Therefore, Plaintiff's claims cannot prevail as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the NYGBL, her entitlement to statutory damages is <u>capped</u> at $1,000. NYGBL § 349(h).

## TWENTIETH AFFIRMATIVE DEFENSE

While Asset denies all allegations of wrongdoing alleged in the Complaint, in the event that any violation of NYGBL § 349 is found, which is denied, the conduct which result in such a finding was not willful and knowing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Asset reserves the right to raise any other Affirmative Defenses not previously asserted within this Answer.

**WHEREFORE**, Defendant, Asset Acceptance, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court deems is just and equitable.

New York, New York

Dated: October 7, 2015

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:     __/s/ Robert A. Diehl_____

Robert A. Diehl, Esq.
*Attorneys for Defendant*
*Asset Acceptance, L.L.C.,*
425 Eagle Rock Avenue Suite 302
Roseland, New Jersey 07068

Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005
radiehl@mdwcg.com
(973) 618-4157

Attorneys for Defendant
Asset Acceptance, LLC